KNOWLTON    error.
v.
SMITH.    The objection to the replication is, that it departs from the
ground of action stated in the complaint. We think the
objection was well taken. The plaintiff could only recover
for money received by *Tracy* on the sale of land. That is
all that is secured by the bond executed by *Burtch*. The
replication does not specify from what source the $1,125
came. The language of the reply would by no means limit
the claim to money received for lands, but would admit of
proof of the sum named being found in arrear from any
other source. Indeed, the replication admits, because it
does not deny, that the moneys received by *Tracy* on the
sale of the land have been accounted for, as alleged in the
answer, but sets up a right to recover the $1,125 found due
upon a general accounting. This is not only a departure,
but an attempt to hold *Burtch* upon a claim for which he
did not make himself responsible.

*Per Curiam.* — The judgment is reversed, with costs.
Cause remanded, &c.

*John Baker*, for the appellant.

*Samuel Judah*, for the appellee.

---

## KNOWLTON v. SMITH.

Saturday,    APPEAL from the *Cass* Circuit Court.
December 14.
*Per Curiam.*—Suit by *Smith* against *Knowlton* and
others upon promissory notes. *Knowlton*, only, answered.
At the *May* term, 1859, the issues were made up, and the
cause continued for the plaintiff to answer interrogatories.
At the *November* term, 1859, the defendant *Knowlton* ob-
tained leave to file additional paragraphs to his answer, upon
an affidavit, as the record informs us, showing the necessity
of such paragraphs. Upon the additional paragraphs being

filed, the defendant applied for a continuance to procure tes- <span>Nov. Term,</span>
timony pertinent to those paragraphs.  The continuance was <span>1861.</span>
refused, and there was final judgment for the plaintiff.  The <span>KRATEMAYER</span>
affidavit for a continuance seems to us to have been suffi- <span>v.</span>
cient, under the circumstances, to require a continuance of <span>BRINK.</span>
the cause.  It is objected to as not showing sufficient dili-
gence to procure the testimony.  The affidavit on which leave
was granted to file the additional paragraphs of the answer
is not before us, hence we must presume that ruling to have
been correct.  The paragraphs being filed, and replies in
denial thereof, the defendant was entitled to procure evi-
dence to sustain them.  He shows in his affidavit for a con-
tinuance that some of his witnesses resided in the State of
*Illinois*, but in what part he had been unable to learn, but
that he expected, if the cause should be continued, to learn
their residence, and procure their testimony at the next term.
We think, under the circumstances, the continuance should
have been granted.

   The judgment is reversed, with costs.  Cause remanded, &c.
   *W. Z. Stuart* and *D. D. Dykernan*, for the appellant.
   *E. Walker*, for the appellee.